Filed 9/23/13  P. v. Williams CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID WILLIAMS,<br><br>Defendant and Appellant. | B238353<br><br>(Los Angeles County<br>Super. Ct. No. BA380243) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gail Ruderman Feuer, Judge.  Affirmed.

Daniel G. Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant David Williams contends his conviction for failing to register as a sex offender under Penal Code section 290[1] must be reversed for two reasons. First, there was insufficient evidence to support the judgment. Second, the trial court failed to instruct the jury on the meaning of "reside." We reject both contentions and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

I.      **Factual background.**

A.      *The history of defendant's registration as a sex offender*.

Defendant stipulated he was convicted, on December 19, 1984, of a felony sex offense and the conviction gave rise to an obligation he register as a sex offender for the rest of his life. Registration documents state that the registrant must register annually within five days of his or her birthday. Within five days of moving to a new city or county, a registrant must re-register their new address. He or she also must re-register within five days of changing addresses in the same city.

Defendant complied with his annual registration obligations from July 8, 1999 through July 15, 2003, registering his address as 628 South San Julian Street, Los Angeles, a transitional living facility called Volunteers of America (VOA). On August 20, 2003, defendant, having moved, registered his address as 1940 West 79th Street in Los Angeles, his mother's house. He again registered that address in 2004, 2005, and 2006.

From July 12, 2007 to June 30, 2010, defendant annually registered his address as 6058 Hazelhurst Place, Apartment 10, in North Hollywood. When defendant registered on June 30, registering Officer Robert Greenbaum of the Los Angeles Police Department had defendant read the registration requirements. Defendant affixed his initials to the document indicating he understood the requirements. After June 30, 2010, defendant did not register as a transient at the VOA address; at 8118 Western Avenue in Los Angeles

---

[1]      All further undesignated statutory references are to the Penal Code.

2

(his girlfriend's house); or at 1940 West 79th Street in Los Angeles (his mother's house). He registered an address change to 77th Street on January 28, 2011. On June 29, 2011, he registered the same address for his annual registration.

B. *The failure to register.*

Juanitha Moses and defendant dated from 2007 to January 2011. When Moses first met defendant, he told her he was living in North Hollywood, but he later told her he was evicted from his apartment in April or May 2010. When he was evicted, defendant asked Moses if he could have his unemployment checks sent to her home at 8118 South Western Avenue.[2] Defendant said he would be at a transitional living facility, VOA, where he'd been living since July or August 2010, although he went to Moses's house almost every day.

In December 2010, a Department of Children and Family Services (DCFS) worker went to Moses's home and asked for defendant. The worker said defendant gave her Moses's address. About a week later, defendant asked Moses to tell DCFS he lived at her house. Although it wasn't true, Moses did as he asked, and defendant also told DCFS he lived at Moses's home.

Defendant moved in with Moses in January 2011. The police went to Moses's house on January 18, 2011, and it was then Moses learned that defendant was required to register as a sex offender. Defendant told Los Angeles Police Officer Juan Chavez he had two residences: Moses's house at 8118 South Western and a second on "Hazelnut" (*sic*) in Hollywood. Defendant did not say he was residing at VOA on San Julian Street.

On January 19, 2011, defendant told Los Angeles Police Officer Ramon Zepeda he was living in Hollywood and going back and forth from his girlfriend's house. When Zepeda told defendant he knew he wasn't in Hollywood anymore, defendant said he was "bouncing back and forth" from his mom's and girlfriend's houses. He said he was receiving his mail at his girlfriend's address and that he stopped living at the North

---

[2]     Moses did receive mail for defendant.

3

Hollywood address in June 2010. He did not mention residing at VOA. Defendant admitted being transient and in violation of his registration requirement.

## II. Procedural background.

An information filed on May 2, 2011 alleged one count against defendant, "failure to register: initial registration, after address change" in violation of section 290, subdivision (b). On September 6, 2011, a jury found defendant guilty as alleged. On December 1, 2011, the trial court sentenced him to the low term of 16 months, doubled due to a prior strike found true by the court, to 32 months in prison.

## DISCUSSION

## I. There was sufficient evidence to support the conviction.

Defendant's first contention is there was insufficient evidence to show that his failure to register was willful. We disagree.

In assessing the sufficiency of the evidence to support a conviction, "we review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]' [Citation.] A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's verdict. [Citation.]" (*People v. Zamudio* (2008) 43 Cal.4th 327, 357; see also *Jackson v. Virginia* (1979) 443 U.S. 307.)

4

Section 290, subdivision (b), of the Sex Offender Registration Act requires every person convicted of certain offenses to register in the city he or she is residing within five working days of coming into or changing his or her residence in any city or county.[3] (See also *People v. Garcia* (2001) 25 Cal.4th 744, 750.) A person is guilty of a felony if he or she "willfully violates" this registration requirement. (§ 290.018, subd. (b); *Garcia*, at p. 752.) "The word 'willfully' implies a 'purpose or willingness' to make the omission. (§ 7.) Logically one cannot purposefully fail to perform an act without knowing what act is required to be performed. . . . '[T]he term "willfully" . . . imports a requirement that "the person knows what he is doing." [Citation.] Consistent with that requirement, and in appropriate cases, knowledge has been held to be a concomitant of willfulness. . . .' Accordingly, a violation of section 290 requires actual knowledge of the duty to register." (*Garcia*, at p. 752.) To find that a person willfully violated the registration requirement, the People thus must prove that the defendant had actual knowledge of the duty to register. (*Ibid.*; *People v. Sorden* (2005) 36 Cal.4th 65, 71.)

Here, defendant, on June 30, 2010, registered his address at his apartment on Hazelhurst Place. But, according to Moses, defendant was evicted from his apartment around May 2010 and was living at the VOA since July or August 2010. Defendant also told Officer Zepeda, who testified, that he had stopped living at his apartment in June 2010 and was "bouncing back and forth" between his mother's and Moses's homes. He admitted to Zepeda he was in violation of his registration requirement. Defendant did not, however, re-register his address at the VOA or at his mother's or Moses's homes. He did not register an address change until months later, on January 28, 2011, by which time he was living with Moses.

In addition to this overwhelming evidence that defendant violated his registration requirement, there was evidence he willfully did so; namely, he had actual knowledge of the requirement to re-register. Defendant complied with his registration obligations prior to June 2010. Officer Greenbaum testified that when defendant registered on June 30,

---

[3]     The Act also imposes an annual registration requirement, namely, within five working days of the person's birthday. (§ 290.012, subd. (a).)

5

2010, defendant read the requirements and affixed his initials to the registration document to indicate he understood them. Although notice alone does not necessarily satisfy the willfulness requirement, a jury may infer knowledge from notice. (*People v. Garcia, supra,* 25 Cal.4th at p. 752.) The notice here, coupled with defendant's initial lie to Officer Zepeda that he was still living in his Hollywood apartment and subsequent admission to Zepeda that he knew he had violated the registration requirement, constituted sufficient evidence defendant's violation was willful.

## II. The trial court did not have a duty to further instruct the jury on "reside."

Defendant next contends that the trial court failed sua sponte to instruct the jury on the meaning of "reside" as used in section 290. We disagree that the court had any such duty.

"It is settled that, even in the absence of a request, a trial court must instruct on general principles of law that are commonly or closely and openly connected to the facts before the court and that are necessary for the jury's understanding of the case." (*People v. Montoya* (1994) 7 Cal.4th 1027, 1047; see also *People v. Moye* (2009) 47 Cal.4th 537, 548; *People v. Breverman* (1998) 19 Cal.4th 142, 154.) In addition to instruction on the elements of the charged offense, a court has a sua sponte duty to define any term that has a technical legal meaning different from its common meaning. (*People v. Elam* (2001) 91 Cal.App.4th 298, 307; *People v. McCleod* (1997) 55 Cal.App.4th 1205, 1216.)

Section 290, subdivision (b), provides that every person described in subdivision (c), "for the rest of his or her life[,] while residing in California, . . . shall be required to register with the chief of police of the city in which he or she is residing, . . . within five working days of coming into, or changing his or her residence[.]" The statute's purpose is to enable local law enforcement agencies to keep known sex offenders under surveillance. (*People v. Gonzales* (2010) 183 Cal.App.4th 24, 32; *People v. Horn* (1998) 68 Cal.App.4th 408, 417.)

The jury was instructed that a violation of section 290 required the People to prove: "One, the defendant was previously convicted of a felony sexual offense for which he had to register as a sex offender under Penal Code section 290; [¶] Two, the

6

defendant resided in the City of Los Angeles; [¶] Three, the defendant actually knew he had a duty under Penal Code section 290 to register as a sex offender and that he had to register within five working days of changing his residence or becoming homeless within that county; and, [¶] Four, the defendant willfully failed to register as a sex offender with the Chief of Police of the City of Los Angeles within five working days of changing his residence or becoming homeless within that county. [¶] Someone commits an act willfully when he or she does it willingly or on purpose. [¶] 'Residence' means one or more addresses where someone regularly resides, regardless of the number of days or nights spent there, such as a shelter or a structure that can be located by a street address. A residence may include, but is not limited to, houses, apartment buildings, motels, hotels, homeless shelters, and recreational and other vehicles." (CALCRIM No. 2752.) Defense counsel did not object to the instruction.

Defendant argues that "reside" has a technical meaning under section 290, and therefore either the trial court erred in not defining it or his trial counsel provided ineffective assistance by not requesting a clarifying instruction. The defendant in *McCleod* made a similar argument. The court rejected it, finding that "residence" refers "to a term so easily understood by a person of common intelligence as 'connot[ing] more than passing through or presence for a limited visit[]' that further definition is not required. . . . [T]he registration requirement is used as an aid to law enforcement in locating sex offenders and a fair reading of the words in accordance with this use contemplates notification by the offender when he is in a place where he is living or temporarily staying for more than the limited time defined by the statute." (*People v. McCleod, supra,* 55 Cal.App.4th at pp. 1218-1219.)

In any event, the jury here was instructed with a more specific definition of "residence" than was the jury in *McCleod.* Here, the jury was instructed that " '[r]esidence' means one or more addresses where someone regularly resides, regardless of the number of days or nights spent there, such as a shelter or a structure that can be located by a street address. A residence may include, but is not limited to, houses, apartment buildings, motels, hotels, homeless shelters, and recreational and other

7

vehicles." (See also § 290.011, subd. (g).) This definition is more specific than that in *McCleod*, where there was "no elaboration on the term at all." (*People v. Gonzales, supra,* 183 Cal.App.4th at p. 36.)

Defendant does not specify why this definition was inadequate. He instead argues that the jury should have been instructed that " '[r]eside means more than passing through or presence for a limited visit. To reside is to temporarily or permanently dwell in a place, which one keeps and to which one intends to return, as opposed to a place where one rests or shelters during a trip or a transient visit.' " *Gonzales* disagreed that a similar supplemental instruction was necessary. (*People v. Gonzales, supra,* 183 Cal.App.4th at p. 37.) The court found that the instruction given there, which was similar to the instruction here, "sufficiently explained that registration was required for each location in which defendant was regularly spending time." (*Ibid.*) We agree that no additional explanation was required especially where, as here, the jury asked for no further instruction on the definition of "residence" or "reside."

Moreover, had the jury believed that defendant had no residence, that is, was a transient, then they would have found him not guilty of the charge, given the definition of residence.[4] The jury, however, must have believed that defendant, as he told Moses, was living at the VOA or, alternatively, going back and forth between Moses's and his mother's homes. In any event, there was no evidence defendant was a transient—that is, someone with no residence. Defendant made a bare statement to Officer Zepeda that he was a "transient," but nothing in the record makes clear what he meant by this. Rather, defendant told the officer he was bouncing back and forth between his mom's and girlfriend's houses, in which case defendant should have registered those addresses.

---

[4] Defendant was not charged with violating the transient registration requirement in section 290.011, a misdemeanor.

8

As for defendant's related contention that trial counsel was ineffective for failure to propose further instructions on the definition of reside, it is reasonable to conclude that counsel would have thought it a frivolous action in light of this authority finding the term readily understandable.  Defendant therefore has failed to establish ineffective assistance of counsel on direct appeal.  (*People v. Gonzales, supra,* 183 Cal.App.4th at p. 37; see also *People v. Riel* (2000) 22 Cal.4th 1153, 1202.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:


KLEIN, P. J.


CROSKEY, J.